THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ZORAN J. SEGINA
Assistant United States Attorney
California Bar No. 129676
zoran.segina@usdoj.gov
    Suite 7516AA, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6606
    Facsimile: (213) 894-5900

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR 07-1240-AHM |
| Plaintiff, ) | |
| ) | APPLICATION FOR WRIT OF EXECUTION |
| v. ) | |
| ) | PERSONAL AND/OR SENSITIVE REDACTED |
| JOHN SCHIEFER, ) | |
| Defendant. ) | |

    Plaintiff, United States of America, makes application pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C., Section 3203(c)(1) to the United States District Court to issue a Writ of Execution upon the judgment entered against the Defendant John Schiefer. In support of this application, the United States provides the following statement:

    1.    The judgment debtor's name is John Schiefer. Judgment debtor's social security number is XXXX, and his last known address is in Los Angeles, California.

    2.    On March 4, 2009, judgment was entered against the defendant in this action, in the United States District

3. Court for the Central District of California, in the amount of $22,361.04. A copy of the judgment is attached hereto as Exhibit A.

4. Property exists in which the debtor has possession, custody or control, and in which the debtor has a substantial non-exempt interest which may be levied upon for payment of this judgment, to wit:

**Acer Laptop Serial Number LXFR40603555250C7C8EM00**

5. For the protection of the property, its contents, and the judgment debt of the United States, it is necessary that the requested application for writ of execution be granted; that the writ of execution be granted forthwith; and that the property be levied upon by the U.S. Marshal immediately upon granting of said writ of execution.

6. For the protection of the U.S. Marshal or his deputies, and in order to execute the writ requested herein, it is necessary that the U.S. Marshal or his deputies be specifically authorized access to the property, to enter and search the property, and to enter by means of a locksmith, if necessary, to levy on that property and its contents.

///
///
///

7. In order to preserve the integrity and value of the property, it is necessary that the writ of execution authorize the U. S Marshal or his deputies to turn over custody and control of the property to a substitute custodian and/or keeper who will care for the property until it is sold or returned in accordance with law.

WHEREFORE, Plaintiff respectfully requests the Court to forthwith issue a Writ of Execution authorizing the United States Marshal or his deputies to levy upon the property of the defendant to satisfy the debt; to enter the property using a locksmith to enter, if necessary, and to turn over care, custody and control of any property levied upon to the substitute custodian pending disposition of the property according to law or further orders of this court.

DATED: April 29, 2009

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
ZORAN J. SEGINA
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

PAPERLESS
Case 2:07-cr-01240-CBW Document 71 Filed 05/04/09 Page 4 of 11 Page ID #:489
Case 2:07-cr-01240-AHM Document 66 Filed 03/09/2009 Page 1 of 8

JS-3

**SUSPENSE**

**United States District Court**
**Central District of California**

| UNITED STATES OF AMERICA vs. | Docket No. | CR07-1240-AHM |

**Defendant** John Kenneth Schiefer
SCHIEFER, John J.
FETTER, John
Monikers: "acidstorm," "acid," "storm" and
akas: "cnatasii"

Social Security No. 1 9 0 0
(Last 4 digits)

## JUDGMENT AND PROBATION COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| March | 4 | 2009 |

| COUNSEL | ✓ WITH COUNSEL | Sonia E. Chahin, Panel-Atty |
| | | (Name of Counsel) |

| PLEA | ✓ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ NOLO CONTENDERE ☐ NOT GUILTY |

| FINDING | There being a finding/verdict of ✓ GUILTY, defendant has been convicted as charged of the offense(s) of: |

**Disclosure of Illegally Intercepted Electronic Communications in violation of 18 U.S.C. § 2511(1)(c), (4)(a) as charged in Count One; Accessing Protected Computers to Conduct Fraud, Causing an Act to be Done in violation of 18 U.S.C. § 1030(a)(4), (c)(3)(A), 2 as charged in Count Two; Bank Fraud in violation of 18 U.S.C. § 1344 as charged in Count Three; and Wire Fraud in violation of 18 U.S.C. § 1343 as charged in Count Four of the Four-Count Information.**

| JUDGMENT AND PROB/ COMM ORDER | The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: |

Forty-Eight (48) months. This term consists of 48 months on each of Counts 1, 2, 3, and 4, to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years. This term consists of three (3) years on each of Counts 1, 2 and 4 and five (5) years on Count 3, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

| USA vs. | John Kenneth Schiefer | Docket No.: | CR07-1240-AHM |
|---|---|---|---|

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

7. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name;

8. The defendant shall cooperate in the collection of a DNA sample from the defendant;

9. The defendant shall apply monies received from income tax refunds greater than $500, lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

///

| USA vs. John Kenneth Schiefer | Docket No.: CR07-1240-AHM |
|---|---|

## Employment and Computer-Related Conditions

10. The defendant shall not possess or use a computer with access to any online service at any location without the prior approval of the Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Further, the defendant shall not have another individual access the Internet on his behalf to obtain files or information which he is restricted from accessing personally, or accept restricted files or information from another person;

11. The defendant shall use only those computers, computer-related devices, screen/user names, passwords, email accounts, and Internet service providers (ISPs) approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), Internet appliances, electronic games, and cellular telephones, as well as peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, other computers or similar media. Defendant shall use any approved computers only within the scope of his employment. Defendant shall not access a computer for any other unlawful purpose. Defendant shall immediately report any changes in his employment affecting his access and/or use of computers or the Internet, including e-mail;

12. All computers, computer-related devices, computer storage media, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on any computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall, as requested by the Probation Officer, provide all billing records, including telephone, cable, internet, satellite, and similar records;

13. The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, other electronic communication or data storage devices or media, and effects upon reasonable suspicion if such suspicion exists in the minds of law enforcement concerning a violation of a condition of supervision or any other unlawful conduct by the defendant, or by any probation officer in the

| USA vs. | John Kenneth Schiefer | Docket No.: | CR07-1240-AHM |
|---|---|---|---|

lawful discharge of the officer's supervision functions;

14. The defendant shall not accept employment without the prior approval of the Probation Officer. Further, as directed by the Probation Officer, defendant shall notify third parties, including employers, of risks that may be occasioned by defendant's criminal record or personal history or characteristics and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement. If the Probation Officer notifies any third-party of risks that may be occasioned by this defendant's criminal record, he shall also notify such employers of the letter that Mr. Calacanis has submitted to the Court and that it shall be specifically included in any communication that the Probation Officer makes to a prospective employer so that such an employer can contact Mr. Calacanis, if appropriate.

15. The defendant shall be subject to the installation of monitoring software and hardware. The defendant shall pay the cost of the computer monitoring, in an amount not to exceed $30 per month per device connected to the internet.

Pursuant to 18 U.S.C. § 3553(a)(2)(D), the Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on June 1, 2009. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of 19,461.04 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

| USA vs. John Kenneth Schiefer | Docket No.: CR07-1240-AHM |
|---|---|

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of restitution remains unpaid after release from custody, monthly installments of at least $1,000 shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision.

The defendant shall comply with General Order No. 01-05.

It is ordered that the defendant shall pay to the United States a total fine of $2,500.

To the extent defendant retained any rights to appeal, defendant advised to file a notice of appeal within ten days.

Bond exonerated upon surrender.

Court recommends to the Bureau of Prisons that the defendant be evaluated for placement into a 500-hour drug treatment program. Court further recommends that the defendant be incarcerated in a Southern California facility.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| March 9, 2009 | |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk of Court

| March 9, 2009 | By | STEPHEN MONTES |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. | John Kenneth Schiefer | Docket No.: | CR07-1240-AHM |
|---|---|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs. John Kenneth Schiefer                Docket No.: CR07-1240-AHM

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

| USA vs. John Kenneth Schiefer | Docket No.: CR07-1240-AHM |
|---|---|

Filed Date     Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
              Defendant                                Date


_____                _____
U. S. Probation Officer/Designated Witness        Date